UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL H. TURNER,                        Case No. 1:16-cv-783

    Plaintiff,

                                                       Dlott, J.
vs.                                                           Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's complaint as untimely and/or in the alternative motion for summary judgment. (Doc. 8). Plaintiff has not responded to the motion.

Pro se plaintiff Michael Turner initiated this action with the filing of a motion to proceed *in forma pauperis* and the tendering of a complaint on July 26, 2016. (Doc. 1). The Court granted plaintiff's motion and the complaint was filed without pre-payment of fees on July 27, 2016. (Docs. 2, 3). Plaintiff is seeking judicial review of the final decision of the Commissioner of Social Security that he was not entitled to Disability Insurance Benefits (DIB) under the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382(c).

Thereafter, on October 24, 2016, Defendant filed a motion to dismiss Plaintiff's complaint for failure to timely file the complaint. (Doc. 8). Defendant contends that plaintiff failed to initiate this action within the statutory time limits established by the Social Security Act, 42 U.S.C. § 405(g). Defendant seeks an order dismissing this action as time-barred under the Act.

On September 12, 2014, an administrative law judge ("ALJ") denied Plaintiff's SSI application and Plaintiff requested that the Appeals Council review the ALJ's decision. (Doc. 8, Declaration ¶3(a) and Exhibit 1). On January 19, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (See Doc. 8, Declaration ¶3(a) and Exhibit 2). This action rendered the ALJ's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g). See 20 C.F.R. § 404.981. The Agency does not have any records of Plaintiff asking for extension to file a civil action nor does he allege in his Complaint that he requested such an extension. See Declaration ¶3(b). Plaintiff did not file his complaint for judicial review of the ALJ's decision until July 26, 2016. (See Doc. 8, Declaration ¶3(c) and Exhibits 3 and 4.)

Under the Act, a plaintiff has sixty days from receipt of the final decision within which to file an action seeking judicial review of the Commissioner's final decision. The Act provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). The Commissioner has interpreted "mailing" as the date the individual receives notice of the Appeals Council decision. The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

2

Here, in order to comply with the sixty-day deadline clearly stated in the Appeals Council's letter, Plaintiff would have had to file his complaint by March 25, 2016. (See Doc. 8, Exhibit 2, pg. 2). However, Plaintiff did not file his complaint for judicial review of the ALJ's decision until July 26, 2016. (Doc. 1). Moreover, Plaintiff does not allege any good cause for missing the deadline to file a civil suit. See 20 C.F.R. 404.911. Accordingly, Plaintiff's action is properly dismissed as untimely.

For these reasons, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Doc. 8) be **GRANTED**, and this action be **DISMISSED** on the docket of the Court.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL H. TURNER, | Case No. 1:16-cv-783 |
| Plaintiff, | |
| vs. | Dlott, J. |
| | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).